# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No:

MARGARITA SASIETA, an individual,

    Plaintiff,

v.

RED ROCKS COMMUNITY COLLEGE,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Margarita Sasieta, by and through counsel of Kishinevsky & Raykin, Attorneys at Law, respectfully alleges for her Complaint and Jury Demand as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). All events alleged in this Complaint occurred within the State of Colorado.

### II. PARTIES

3. At all times relevant to this suit, Plaintiff was a resident of the State of Colorado.

4. Defendant Red Rocks Community College is a community college organized under the laws of the State of Colorado.

### III.     FACTUAL ALLEGATIONS

5. Plaintiff was a student at Red Rocks Community College during the time period relevant to Plaintiff's claims.

6. Plaintiff was a student with a disability.

7. Plaintiff's disabilities include anxiety.

8. Plaintiff's disabilities substantially impact major life functions, including her ability to focus and perform under pressure.

9. Plaintiff informed Defendant about her disabilities and received accommodations for her courses. These accommodations included having extended time (time and a half) on tests and quizzes, breaks during testing, a distractions-reduced testing area, and the ability to have answers to be transcribed to a Scantron from answers noted on paper.

10. Following academic difficulties, the Student Assessment Committee recommended Plaintiff for dismissal from her program.

11. After a meeting with the Program Director, Plaintiff was allowed to decelerate in the program rather than be dismissed. Deceleration meant that Plaintiff would restart the Program again with the next class.

12. Following further academic difficulties, Plaintiff was placed on academic probation.

13. Then, in July 2020, Plaintiff sat for the oral and written summative exam.

14. At this exam, Plaintiff was not provided her accommodations; namely, Plaintiff did not receive extra time and she was unable to take the exam in a distraction-reduced room.

15. Plaintiff then appealed her scores on the exam and Defendant asked if she would be able to retake the exam in August during the same week of the End of Rotation Schedule.

16. Plaintiff responded to this and requested time to make arrangements to avoid falling behind on another exam and rotation.

17. Plaintiff then requested to retake the summative exam in September 2020 and to continue in her program until a final decision was made.

18. At this time, Defendant was precluding Plaintiff from participating in clinical rotations in her program, and she worried about falling behind in her program without her rotations.

19. Defendant then agreed to allow Plaintiff to retake her summative exam in October 2020.

20. Traditionally, though, students were expected to retake the exam the day after the first exam. For example, here, the original exam was scheduled for July 27 and 28, and the retake was scheduled for other students on July 29. Plaintiff was forced to wait three additional months before retaking her exam.

21. Plaintiff retook her exam with accommodations in October and again failed this exam.

22. Defendant subsequently dismissed her from the program.

## IV.   CLAIMS FOR RELIEF

**First Claim for Relief**
**Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 7894**
**Against Defendant Red Rocks Community College**

23. Plaintiff realleges all other paragraphs as if fully set forth herein.

24. Plaintiff is a student with a disability as defined by Section 504.

25. Plaintiff was diagnosed with anxiety.

26. Plaintiff's disabilities impaired major life function, including the ability to focus and function in daily activities.

27. Defendant was aware of her disabilities and symptoms and granted her accommodations.

28. The Defendant then failed to provide these accommodations during her testing and delayed her retesting by three months when other students were allowed to retake the test within one day.

29. Defendant then punished Plaintiff for its own actions by dismissing her from the program, discriminating against Plaintiff on the basis of her disability.

30. Defendant's violation of Section 504 caused Plaintiff to suffer damages, including but not limited to psychological, emotional, and economic damages, and attorney fees and costs in this action.

## V. REQUEST FOR RELIEF

31. Plaintiff requests that the Court enter judgment in her favor and against Defendant as follows:

    a. Awarding the Plaintiff special damages for out-of-pocket expenses, expenses for psychological treatment, and educational expenses in amounts to be established at trial;

    b. Awarding the Plaintiff general damages for emotional distress in an amount to be established at trial;

    c. Punitive damages, pursuant to 42 U.S.C. § 1981, 200(e), in the maximum amount permitted by law;

    d. Awarding the Plaintiff statutory and reasonable attorney fees, litigation expenses, and costs incurred in this action;

    e. Awarding Plaintiff pre-judgment interest; and

    f. Awarding the Plaintiff any additional and further relief that the court finds

equitable, appropriate, or just.

## VI. JURY DEMAND

*PLAINTIFF REQUESTS A JURY ON ALL ISSUES SO TRIABLE.*

*/s/ Igor Raykin*
Igor Raykin, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-767-1846
Email: igor@coloradolawteam.com
Attorney for Plaintiff